IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CARL F. BASWELL,

    Plaintiff,

    -vs-                                                    No. CIV 99-0113 LH/RLP

TAOS SKI VALLEY, INC. a New Mexico
corporation, and JOHN DOES I - III, employees or
agents of TAOS SKI VALLEY, INC.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Taos Ski Valley, Inc's Motion to Dismiss (Docket No. 16), filed April 5, 1999. The Court, having considered the Motion, the accompanying memoranda, and the applicable law, and otherwise being fully advised, finds that the Motion is well taken and will be **granted**.

Taos Ski Valley (TSV) moves for dismissal of Count III of Plaintiff's Complaint. Plaintiff sues for injuries and damages allegedly sustained while disembarking from a ski lift at a ski area operated by TSV. In Count III Plaintiff asserts a claim against TSV for negligent hiring, training, supervision, retention, and entrustment of three unnamed employees or agents of TSV who were operating the lift at the time of the accident.

The Ski Safety Act (Act), N.M. Stat. Ann. 24-15-1 to -14 (Michie 1997 Repl. Pamph.), "is the sole and exclusive remedy in any action between a skier and a ski area operator." *Lopez v. Ski Apache Resort*, 114 N.M. 202, 205, 836 P.2d 648, 651 (Ct. App.1992)(quoting and agreeing with

district court's order). Under the Act, "[a]ny ski area operator shall be liable for loss or damages caused by the failure to follow the duties set forth in Sections 24-15-7 [Duties of ski area operators with respect to skiing areas] and 24-15-8 [Duties of ski area operators with respect to ski lifts] where the violation of duty is causally related to the loss or damage suffered . . . ." N.M. Stat. Ann § 24-15-11. The Act further states that "[u]nless a ski area operator is in violation of the Ski Safety Act [this article], with respect to the skiing area and ski lifts, and the violation is a proximate cause of the injury complained of, no action shall lie against such ski area operator by any skier or passenger or any representative of a skier or passenger." *Id.* § 24-15-14(A) (internal alteration in original). The Act, then, prohibits common law causes of action, other than two which are expressly reserved: An action may be maintained against a ski area operator "for damages arising from injuries caused by negligent operation, maintenance or repair of the ski lift," *id.* § 14(A), and under the savings clause, "[a]ny ski area operator . . . shall continue to be subject to liability in accordance with common-law principles of vicarious liability for the willful or negligent actions of its principals, agents or employees which cause injury to a passenger, skier or other person," *id.* § 11.

Plaintiff's claim for negligent hiring, training, supervision, retention, and entrustment in Count III does not state a violation of a statutory duty imposed on ski operators by Sections 7 or 8 of the Act. Neither is it a claim for negligent operation, maintenance, or repair of a ski lift. Nor is it based on vicarious liability, so as to come within the province of the savings clause. Therefore, Count III is precluded by the Act and must be dismissed.

**IT IS HEREBY ORDERED** that Defendant Taos Ski Valley, Inc's Motion to Dismiss (Docket No. 16), filed April 5, 1999, is **GRANTED**.

_____
**UNITED STATES DISTRICT JUDGE**